494 So.2d 1374 (1986)
Howard J. MOUTON, Plaintiff-Appellant,
v.
Barbara K. GUILLORY, et al, Defendants-Appellees.
No. 85-951.
Court of Appeal of Louisiana, Third Circuit.
October 1, 1986.
J. Michael Placer, Lafayette, for plaintiff-appellant.
Guillory, McGee & Mayeux, Donald L. Mayeux, Eunice, Onebane & Assoc., Michael G. Durand and Stephen B. Rabalias, Lafayette, Gibbens & Blackwell, J. Louis Gibbens, New Iberia, Edwards, Stefanski & Barousse, James M. Cunningham, Crowley, Preis, Kraft, Laborde & Daigle, Chris R. Phillips, Voorhies & Labbe, Kathleen Drew, Lafayette, for defendants-appellees.
Before STOKER, KNOLL and KING, JJ.
KING, Judge.
The sole issue presented by this appeal is whether or not the trial court was correct in finding no insurance coverage by one of the defendants and in granting a Motion For Summary Judgment dismissing claims against that defendant.
Howard J. Mouton (hereinafter referred to as plaintiff) filed suit against defendants, Barbara K. Guillory, Clifton Kibodeaux, Sr., National Union Fire Insurance Company, Louisiana Farm Bureau Casualty Insurance Company (hereinafter referred *1375 to as Farm Bureau), and Employers Casualty Company (hereinafter referred to as Employers Casualty), seeking to recover damages that he allegedly sustained as a result of an automobile accident in Acadia Parish, Louisiana involving himself and an automobile being driven by Barbara K. Guillory and owned by Clifton Kibodeaux, Sr.
One of the defendants, Employers Casualty, filed a Motion for Summary Judgment on the basis that the policy it issued afforded no coverage for the accident. The trial court rendered judgment granting the Motion for Summary Judgment filed by Employers Casualty and ordered all claims against it in this suit dismissed with prejudice. A written judgment was signed and plaintiff devolutively appealed. We affirm.

FACTS
Plaintiff alleged in his petition that at the time of the accident, on April 16, 1982, he was operating a vehicle belonging to his employer, The Permian Corporation, in the course and scope of his employment. Employers Casualty was named as a defendant based on an automobile liability insurance policy, which it had issued to plaintiff's employer, that allegedly provided uninsured-underinsured motorist coverage.
Another defendant, Farm Bureau, the uninsured-underinsured insurer of the automobile being driven by the plaintiff, filed a third party demand against Employers Casualty, seeking recovery of any amounts for which it might be held liable to plaintiff on the main demand. Additionally, Employers National Insurance Company, The Permian Corporation's worker's compensation insurer, filed a Petition of Intervention, claiming that it was subrogated to the rights of plaintiff against all defendants to the extent of the benefits that it had paid to plaintiff pursuant to the worker's compensation insurance policy.
Employers Casualty filed a Motion for Summary Judgment on all of the claims asserted against it in this suit, alleging that the policy which it had issued to plaintiff's employer did not provide uninsured-under-insured motorist coverage because such coverage had been previously rejected in writing, the rejection being in full force and effect on the date of plaintiff's accident. A hearing was held on Employers Casualty's Motion For Summary Judgment, at which time it introduced into evidence: (1) a policy which it issued to The Permian Corporation, for the policy period from July 1, 1980 through July 1, 1981; (2) a renewal policy which it issued to The Permian Corporation, for the policy period from July 1, 1981 through July 1, 1982; and (3) an affidavit executed by Earl B. Newland, the Director of Administration of The Permian Corporation. Plaintiff did not oppose defendant's Motion for Summary Judgment nor did he appear at the hearing or introduce any evidence on his behalf.
The trial court granted defendant's Motion for Summary Judgment and dismissed with prejudice all claims filed against Employers Casualty by plaintiff on the main demand, by Farm Bureau on its third party demand, and by all other parties.
Only the plaintiff has appealed contending that the trial court erred in granting the Motion for Summary Judgment filed by Employers Casualty. The judgment is now final as to the claims of the third party plaintiff, Farm Bureau, and the claims of the intervenor, Employers National Insurance Company, against Employers Casualty as these parties did not appeal. Employers Casualty contends that it is not liable to plaintiff because (1) the uninsured-underinsured motorist coverage on its policy of insurance issued to The Permian Corporation was clearly and properly rejected in writing by Mr. Earl B. Newland on behalf of The Permian Corporation, and (2) LSA-R.S. 22:1406 D(1), which requires that an automobile liability insurance policy include uninsured-underinsured motorist coverage unless such coverage is rejected in writing, does not apply to the policy issued to The Permian Corporation because the policy was not "delivered or issued for delivery" in Louisiana.

*1376 REJECTION OF UNINSURED-UNDERINSURED MOTORIST COVERAGE
LSA-R.S. 22:1406 D(1)(a) provides the following:
"No automobile liability insurance covering liability arising out of the ownership, maintenance, or use of any motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state unless coverage is provided therein or supplemental thereto, in not less than the limits of bodily injury liability provided by the policy, under provisions filed with and approved by the commissioner of insurance, for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured or underinsured motor vehicles because of bodily injury, sickness, or disease, including death, resulting therefrom; provided, however, that the coverage required under this Subsection shall not be applicable where any insured named in the policy shall reject in writing the coverage or selects lower limits. Such coverage need not be provided in or supplemental to a renewal or substitute policy where the named insured has rejected the coverage or selected lower limits in connection with a policy previously issued to him by the same insurer. Any document signed by the named insured or his legal representative which initially rejects such coverage or selects lower limits shall be conclusively presumed to become a part of the policy or contract when issued and delivered, irrespective of whether physically attached thereto." (Emphasis added.)
At the hearing on its Motion for Summary Judgment, Employers Casualty submitted into evidence a copy of the automobile liability insurance policy which it originally issued to The Permian Corporation, and which was for the policy period from July 1, 1980 through July 1, 1981. Attached to and made a part of this policy was a rejection form showing a written rejection by The Permian Corporation of uninsured-underinsured motorist coverage in its entirety. This written rejection of coverage form was signed by Earl B. Newland. Employers Casualty also submitted to the trial court a renewal policy which it issued to The Permian Corporation for the policy period from July 1, 1981 through July 1, 1982. This renewal policy did not have attached a written rejection form that rejected the uninsured-underinsured motorist coverage. Plaintiff's accident occurred during the period of time when this renewal policy was in effect.
Employers Casualty also submitted to the trial court the affidavit of Earl B. Newland. In his affidavit, Mr. Newland stated that he, as the Director of Administration of The Permian Corporation, was involved in the securing of insurance coverage for The Permian Corporation during the years 1980 and 1981, and that he did in fact secure the original automobile liability insurance coverage during 1980 for The Permian Corporation through Employers Casualty. Mr. Newland further stated in his affidavit that on July 1, 1980 he rejected in writing uninsured-underinsured motorist coverage in its entirety on behalf of The Permian Corporation for this original policy issued by Employers Casualty. Mr. Newland further stated that, as Director of Administration, he did in fact renew the policy issued by Employers Casualty for the following year, and that this renewal policy and the uninsured-underinsured rejection was in effect on April 16, 1982, the date of plaintiff's accident.
The law and burden of proof regarding summary judgments was succinctly stated by the Louisiana Supreme Court in the case of Vermilion Corp. v. Vaughn, to be as follows:
"A motion for summary judgment is properly granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a *1377 matter of law. La.C.C.P. art. 966. Because the mover has the burden of establishing that no material factual issue exists, inferences to be drawn from the underlying facts contained in the materials before the court must be viewed in the light most favorable to the party opposing the motion. To satisfy his burden the mover must meet a strict standard by a showing that is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact. The papers supporting mover's position are closely scrutinized, while the opposing papers are indulgently treated, in determining whether the mover has satisfied his burden." (Citations omitted.) Vermilion Corp. v. Vaughn, 397 So.2d 490, at page 493 (La.1981).
In his appellate brief, plaintiff states that he does not dispute the fact that a valid waiver of uninsured motorist coverage given in connection with an automobile liability policy remains valid for any renewal of the same policy. LSA-R.S. 22:1406 D(1)(a) states that the uninsured-underinsured motorist coverage "need not be provided in or supplemental to a renewal or substitute policy where the named insured has rejected the coverage or selected lower limits in connection with a policy previously issued to him by the same insurer." However, in support of his contention that the written rejection executed by Mr. Newland on behalf of The Permian Corporation was not effective as of the date of his accident, plaintiff first argues that the renewal policy contained so many amendments that it actually constituted a totally new and different contract of insurance between The Permian Corporation and Employers Casualty. This argument has no merit.
Each subsequent renewal of an insurance contract is a separate contract, even though a new policy is not issued. Courville v. State Farm Mut. Auto. Ins. Co., 393 So.2d 703 (La.1981); Moreau v. Sanders, 415 So.2d 562 (La.App. 3rd Cir.1982) and cases cited therein, writ den., 420 So.2d 444 (La.1982). Prior to a 1975 amendment, which added the above-quoted language to LSA-R.S. 22:1406 D(1)(a), the office of the Louisiana Attorney General had issued an opinion that an insurer was required to present the option to reject uninsured-underinsured motorist coverage with every renewal of the policy. See Op.Atty.Gen. No. 74-1204, August 24, 1974. Due to the 1975 amendment to this statute, the insurer who issues the renewal policy, although constituting a separate contract between the parties, need not present to the insured the option to reject the uninsured-underinsured motorist coverage if this same insured has already rejected in writing such coverage in a previously issued policy. See Acts 1975, No. 494, § 1.
Although the renewal policy issued to The Permian Corporation by defendant, for the period from July 1, 1981 through July 1, 1982, does contain many endorsements not included in the previously issued policy, it nevertheless constitutes a renewal policy. In fact, the latter policy expressly states that it is a renewal of the previously issued policy. We find that the second policy issued by Employers Casualty to The Permian Corporation was a renewal policy of a previously existing policy and that the written rejection of uninsured-underinsured coverage executed by Mr. Newland on behalf of The Permian Corporation during the first policy period was effective for the policy renewal period from July 1, 1981 through July 1, 1982.
Plaintiff next argues that the written rejection form of the uninsured-underinsured motorist coverage is invalid because the written rejection form does not indicate the name of the insured who is rejecting such coverage. This argument has no merit. The written rejection form shows that the insured is "The Permian Corp., &/or Western Oil Transportation Company." The first policy itself, to which the written rejection of coverage form was attached, states that the name of the insured is: "The Permian Corporation; Western Oil Transportation Co., Inc.; and any other Subsidiary, Company or Division, the majority ownership of which may be hereafter *1378 created or acquired by The Permian Corporation during the policy period." Therefore, the name of the insured as shown in the form for written rejection of the uninsured-underinsured motorist coverage and in the policy which was issued corresponds. We find that the written rejection form of the uninsured-underinsured coverage does indicate the name of the insured rejecting such coverage.
Finally, plaintiff contends that the written rejection form of the uninsured-underinsured motorist coverage is invalid because there is no corporate resolution authorizing Earl B. Newland to waive uninsured-underinsured motorist coverage for The Permian Corporation. As legal authority for this contention plaintiff has cited the case of Arcemont v. Voisin, 468 So.2d 785 (La.App. 1st Cir.1985), writ den., 474 So.2d 947 (La.1985), for the proposition that there must exist, to validly waive uninsured-underinsured motorist coverage, a corporate resolution expressly authorizing the corporate representative to waive such coverage. However, the Arcemont case is clearly distinguishable from this case as in the Arcemont case the evidence was uncontradicted that the stockholders/directors had never adopted a corporate resolution authorizing the President of the corporation to decline uninsured-underinsured insurance coverage on the vehicles owned by the corporation. The Court of Appeal found that the trial court's failure in its jury instructions to define legal representative and to explain that a corporate official must have actual or apparent authority to take an action to bind the corporation required a finding that uninsured-underinsured coverage had not been validly rejected by the corporation. Arcemont merely stands for the proposition that for a corporation to be bound by its officer's actions, the actions must have been authorized by the corporation.
As previously mentioned, plaintiff did not oppose defendant's Motion for Summary Judgment nor did he present any evidence that would create a question of fact as to the authority of Earl B. Newland to execute the written rejection form of the uninsured-underinsured motorist coverage on behalf of The Permian Corporation. Mr. Newland, in his affidavit which was submitted to the trial court, clearly stated that he, as the Director of Administration of The Permian Corporation, rejected on behalf of The Permian Corporation the uninsured-underinsured motorist coverage in its entirety on July 1, 1980. We can not presume, as plaintiff does in his argument to this Court, that Mr. Newland was not properly authorized by The Permian Corporation and did not have the actual or apparent authority to reject uninsured-underinsured coverage for The Permian Corporation. Facts not in evidence may not be assumed. Therefore, at the time of the hearing on defendant's Motion for Summary Judgment, as well as now, there exists no genuine issue as to material fact and defendant is entitled to judgment as a matter of law. LSA-C.C.P. Art. 966. Accordingly, we conclude that the rejection of uninsured-underinsured motorist coverage executed by Earl B. Newland on behalf of The Permian Corporation was valid and in effect at the time of plaintiff's accident.
Since we find that the uninsured-underinsured motorist coverage was clearly and properly rejected in writing by The Permian Corporation, we do not address defendant's alternative contention that LSA-R.S. 22:1406 D(1) does not apply to its policy issued to The Permian Corporation because the policy was not "delivered or issued for delivery" in Louisiana.
For the foregoing reasons, the judgment of the trial court granting defendant's Motion for Summary Judgment is affirmed. All costs of this appeal are taxed to plaintiff-appellant.
AFFIRMED.