516 So.2d 435 (1987)
Judie Adams TULLY, Individually and as Administratrix of the Estates of Lester P. Tully, the Minors, Chad Huff and Jeffery Huff
v.
LIBERTY MUTUAL FIRE INSURANCE COMPANY, et al.
Karen TULLY, Terri Tully Cassisa, Cheryl Tully Hess,
v.
LIBERTY MUTUAL FIRE INSURANCE COMPANY, et al.
Nos. CA 86 1081, CA 86 1082.
Court of Appeal of Louisiana, First Circuit.
November 10, 1987.
Rehearing Denied January 5, 1988.
*436 Byard Edwards, Jr., Ponchatoula, for Judie Adams Tully.
Anthony C. D'Antonio, Metairie, and Louis Carruth, New Orleans, for Karen Tully, Terri T. Cassisa and Cheryl T. Hess.
Stephen L. Huber, Metairie, for Liberty Mut. Ins. Co.
Paul L. Billingsley, Luling, intervenor, in pro. per.
Before WATKINS, CARTER and CHIASSON[*], JJ.
CHIASSON, Judge.
This matter involves two consolidated wrongful death and survival suits filed, respectively, by Judie Adams Tully, the widow of the decedent Lester P. Tully, individually and as administratrix of the estates of decedent and the minor children Chad and Jeffrey Huff; and by decedent's three adult daughters from a previous marriage, Karen Tully, Terri Tully Cassisa and Cheryl Tully Hess, against Brian Allen and his insurer State Farm Automobile Insurance Company, decedent's insurer Liberty Mutual Insurance Company and its agent Michael J. Macksey. Prior to trial all plaintiffs *437 settled their claims against Allen and State Farm for the policy limits of liability coverage ($50,000.00) plus the property damage. During the course of the trial all parties stipulated that Macksey be dismissed from both suits.
Although the case was tried before a jury, the trial judge decided the issue concerning whether the applicable UM coverage was $10,000.00 or $300,000.00, holding that the Tully vehicle had UM coverage of $300,000.00. This issue was decided by the judge because counsel for all parties agreed that the matter involved mixed questions of law and fact. The jury was instructed by the judge that UM coverage in the case was $300,000.00, and that if it found in plaintiffs' favor on the question of Allen's negligence, the jury could award damages only if the total damages sustained by all plaintiffs exceeded the $50,000.00 that they had received in the compromise settlement with State Farm. The jury found for plaintiff and awarded $10,000.00 to Judie Adams Tully, the widow, and $25,000.00 to each of decedent's major children on November 19, 1985. Formal judgment to this effect was signed on February 26, 1986.
Judie Adams Tully applied on November 22, 1985 for an additur, and in the alternative, a new trial. The record does not reflect whether the show cause hearing scheduled for January 6, 1986 was held or how the court ruled. On March 5, 1986, Mrs. Tully filed a motion for judgment notwithstanding the verdict (j.n.o.v.), or in the alternative, a new trial and the trial judge signed an ex parte order entering judgment against defendants and in favor of the widow for $225,000.00, plus legal interest and all costs of court, further ordering that should the j.n.o.v. "be vacated or set aside on appeal, then plaintiff shall be granted a new trial for a determination of the quantum of damages only."
On March 11, 1986, Liberty Mutual filed a motion to amend the February 26, 1986 judgment formalizing the jury verdict and a show cause hearing was fixed for April 28, 1986. The record on appeal does not contain any evidence or minute entry of this hearing. Presumably the hearing was never held. Subsequently, Liberty Mutual suspensively appealed the February 26, 1986 judgment and the March, 1986 j.n.o.v.

FACTS
The two suits in this matter arise from a vehicular accident which occurred on June 29, 1981, south of Ponchatoula, Louisiana, on Highway 51. Lester P. Tully was killed when the automobile driven by Brian K. Allen crossed the centerline of the highway and collided head-on with the vehicle being driven by Tully. The car driven by Tully was owned by his wife Judie Adams Tully, having been acquired by Mrs. Tully prior to her marriage to the decedent.
Mr. Tully obtained from Liberty Mutual an insurance policy on his 1976 Chevrolet Nova on July 13, 1979, providing liability limits of $25,000.00 and UM coverage of $10,000.00. On the same date, he executed a form selecting the lower UM coverage. On December 15, 1979, Judie Adams married Mr. Tully. On February 18, 1980, Mr. Tully's Liberty Mutual agent completed and signed an "automobile owners policy endorsement" which, inter alia, added Judie Tully's 1978 Chevrolet Chevette to Tully's July 13, 1979 policy, added comprehensive coverage to both cars, provided single limit liability of $300,000.00 on both cars and provided medical expense coverage of $5,000.00. The endorsement, which had an effective date of February 20, 1980, reflected the rating classification was changed because the vehicles would be "used for business-sales." No single document was signed by either Judie or Lester Tully selecting UM limits lower than the liability limits. The policy declarations page of Policy # A02-291-537369-000-ME, issued June 9, 1980 effective July 13, 1980, reflects UM coverage of $10,000.00 "each person/each accident." The policy it replaced bore the policy number A02-291-537369-009. The policy in force at the time of Mr. Tully's death contained a provision on pages 27 and 28, under the heading "uninsured motorists coverage," designated as "special state provisions-Louisiana," that "[t]he first paragraph of Section (C) of *438 the `Limits of Liability' provision in Part 1 is amended to read as follows: (C) the limits for Uninsured Motorists Coverage are $5,000.00 `each person,' which shall be the limit of the company's liability for all damages because of bodily injury sustained by one person as the result of any one accident, ...."

ASSIGNMENTS OF ERROR
Liberty Mutual contends that the trial court erred in:
1. holding Allen liable for the accident and failing to instruct the jury regarding comparative negligence;
2. holding Allen to be an underinsured motorist;
3. holding that Liberty Mutual's policy provided $300,000.00 UM coverage;
4. failing to reduce the jury verdict by the sums paid by State Farm; and
5. granting the j.n.o.v. and increasing Judie Tully's damages from $10,000.00 to $225,000.00.

ASSIGNMENT OF ERROR NO. 1
Liberty Mutual contends that the trial judge erred in failing to instruct the jury regarding comparative negligence and the jury erred in holding Allen liable for the accident. The parties to a lawsuit have the right to have the evidence weighed in light of the proper jury instructions, which fairly and reasonably point up the issues presented and which provide the correct principles of law for the jury to consider in application thereto. In this case the defendants did not request that an instruction concerning comparative negligence be given to the jury and the evidence is overwhelming that decedent did his very best to avoid the accident. The evidence and testimony established that Allen's car left the northbound lane crossed the center of the highway and proceeded to travel north in the southbound lane. The accident which resulted from Allen's driving was virtually a head-on collision, only Tully's attempt to swerve out of Allen's path prevented it from being such.
Because there is no evidence of negligence on the part of decedent and because defendants did not request such a charge, the trial judge's failure to instruct the jury concerning comparative negligence does not constitute reversible error. See Knickles v. United Cab Co., Inc., 505 So.2d 114 (La.App. 4th Cir.1987).
This assignment of error is without merit.

ASSIGNMENT OF ERROR NO. 2
In an uninsured motorist claim, plaintiff has the burden of proving that the owner or operator of the vehicle was uninsured or underinsured at the time of the accident. LSA-R.S. 22:1406(D)(6); Bullock v. Commercial Union Insurance Company, 397 So.2d 13 (La.App. 3d Cir.1981). The testimony concerning liability insurance coverage on the vehicle that Allen was driving at the time of the accident is sufficient to establish that the tortfeasor's vehicle was underinsured. The amount of liability coverage available to compensate plaintiffs is a factual issue and it was resolved in plaintiffs' favor by the finder of fact, and as such it should not be disturbed absent a showing that such a factual determination is clearly wrong or manifestly erroneous. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). A thorough review of the record fails to support appellant's contention that plaintiffs failed to prove that Allen was underinsured.
This assignment of error lacks merit.

ASSIGNMENT OF ERROR NO. 3
When Tully insured his 1976 Chevrolet Nova with Liberty Mutual on July 13, 1979, he selected liability limits of $25,000.00 and UM limits of $10,000.00. He was not married to nor living with Judie Adams at this time. Shortly after Tully's marriage to Adams he requested his insurance agent to add Adams' separate property, a 1978 Chevrolet Chevette, to his automobile insurance policy and to increase liability coverage for both cars to $300,000.00. The reason for the change in liability coverage was that Judie Adams Tully was required by her employer to have liability limits of $300,000.00 because she used the car for business purposes. The change order also reflected the increased mileage *439 to be driven by Tully from his new home in Ponchatoula to work. Although one vehicle was designated for use going to and from work over ten miles and one car designated for business purposes, either automobile could be used for either purpose. Counsel for appellant and Mrs. Tully stipulated to these facts out of the presence of the jury.
All counsel stipulated that the mixed question of law and fact would be decided by the judge. After hearing the joint stipulation the jury was returned to the courtroom and the testimonial phase of the trial was completed.
When plaintiffs rested their case, Liberty Mutual moved for a directed verdict based on the same argument discussed under appellant's second assignment of error. It was denied and defendant, Liberty Mutual, rested its case.
Out of the presence of the jury the judge ruled on the question of UM coverage as follows:
With respect to the matter submitted to the Court previously by stipulation of all counsel, the Court finds that when Mr. Tully ... increased the limits of his liability policy, acquired insurance on his wife's car[,] and made other changes in his policy, he in effect obtained a new policy and therefore, it was necessary that the agent obtain a new waiver of the uninsured motorist, which he did not. Therefore, the Court finds that the UM coverage in this case is $300,000. (Emphasis and brackets supplied.)
The policy issued by Mutual clearly defines insured as including both Mr. and Mrs. Tully, therefore either Mr. or Mrs. Tully had the power to reject UM coverage for the other under the dictate of LSA-R.S. 22:1406(D)(1)(a).
Once it is established that Tully was capable of rejecting UM coverage for his wife, the next issue we must address is whether the subsequent policy issued by Mutual was a renewal or substitute policy within the meaning of LSA-R.S. 22:1406 (D)(1)(a), thus continuing the lower UM coverage of the initial policy. The addition of another insured and that new insured's vehicle cannot be made to a policy and still have the policy considered a renewal or substitute policy within the meaning of the above cited statute.
The trial judge's holding that in February, 1980 Mr. Tully "in effect obtained a new policy and ... it was necessary that [Liberty Mutual's] agent obtain a new waiver [or selection of lower limits] of the uninsured motorist [coverage], which he did not" do, is supported by the record. Appellant's third assignment of error is without merit.

ASSIGNMENT OF ERROR NO. 4
Appellant contends that the trial judge erred in signing a judgment which did not allow a reduction of the amount previously paid to plaintiffs under the limits of the State Farm policy. The trial judge specifically instructed the jury not to reduce any award to the plaintiffs by the amounts that they have already received, stating that such a reduction "is a function of the Court and will be addressed at the appropriate time."
Karen Tully, Terry Tully Cassisa and Cheryl Tully Hess received $25,000.00 from the State Farm policy as the sole surviving heirs of decedent. The jury awarded them $25,000.00 each. The total amount of $75,000.00 awarded to Tully's daughters should be reduced by the $25,000.00 that they already received, thus giving the daughters an award of $50,000.00 or $16,666.67 each.
This assignment of error has merit.

ASSIGNMENT OF ERROR NO. 5
Appellant argues that the trial court erred in granting appellee Judie Tully's motion for a judgment n.o.v. and increasing the amount awarded to her by the jury from $10,000.00 to $225,000.00.
LSA-C.C.P. 1811(F) allows a trial judge to grant a judgment notwithstanding the verdict on the issue of damages alone. A motion for judgment n.o.v. should be granted when the facts and inferences point so strongly in favor of a party that the court believes that reasonable persons could not arrive at a contrary verdict. Blum v. New Orleans Public Service, Inc., 469 So.2d 1117 (La.App. 4th Cir.1985) writ denied, 472 *440 So.2d 921 (La.1985). In applying this standard it is unnecessary for the judge to weigh evidence, pass on the credibility of the witnesses, or substitute his factual judgment for that of the jury.
In the instant case it is obvious, based on the unrebutted evidence by plaintiff's experts and the widow's testimony, the jury abused its much discretion in fixing an award for wrongful death at such a low figure. Based on the evidence and testimony we cannot say that the trial judge was manifestly erroneous in granting the motion for judgment n.o.v. nor did he abuse his much discretion in increasing the award to $225,000.00.
We conclude that the trial judge fixed the award after deducting the sum of $25,000.00 previously received by the widow from the tortfeasor's insurer, and appellant is not entitled to any further reduction of said amount.
For the reasons assigned the judgment of the trial court is amended to decrease the award of $75,000.00 to plaintiffs, Karen Tully, Terri Tully Cassisa and Cheryl Tully Hess by the sum of $25,000.00. In all other respects the judgment is affirmed. The appellant is to pay all costs of this appeal.
AFFIRMED IN PART, AMENDED IN PART, AND RENDERED.
NOTES
[*] Judge Remy Chiasson, retired, has been assigned temporarily to this court by the Supreme Court of Louisiana to fill the vacancy created by the death of Judge John S. Covington.