529 So.2d 1289 (1988)
Charles C. DELAUNE, Plaintiff-Appellee,
v.
STATE FARM MUTUAL AUTO INS. CO., et al, Defendants-Appellants.
No. 86-1213.
Court of Appeal of Louisiana, Third Circuit.
February 3, 1988.
Ingram & Baker, Allen R. Ingram, Lafayette, for plaintiff-appellee.
Roy, Forrest & Lopresto, Jackson B. Bolinger, Lafayette, for defendant-appellant.
McLeod, Little, Hopkins & Lloyd, C. Jerre Lloyd, Lake Charles, Davidson, Meaux, Sonnier & McElligott, John G. Swift, Mouton & Roy, Alan K. Breaud, Thomas J. Miller, Lafayette, for defendant-appellee.
Before LABORDE and KNOLL, JJ., and CULPEPPER, J. Pro Tem.[*]
LABORDE, Judge.
This is an appeal by defendant, State Farm Mutual Automobile Insurance Co. (State Farm), of the grant of a summary judgment to Aetna Casualty and Surety Co. (Aetna). This dispute arises from an automobile accident in which the plaintiffs, Charles and Audrey Delaune, were injured.[1] At the time of the accident, Charles Delaune was acting in the course *1290 and scope of his employment with Baker International Corporation (Baker). Aetna was the insurer of Baker. Plaintiff filed suit against several parties[2] including Aetna, claiming that Aetna is liable for uninsured/underinsured motorist coverage. Aetna filed a motion for summary judgment in the district court claiming that there was no uninsured motorist coverage in effect at the time of the accident under the Baker policy and thus no genuine issue of material fact as to such coverage existed. The trial court denied Aetna's motion. Aetna then filed a motion for suspensive appeal with the trial court on the summary judgment ruling. That motion was denied by the trial court. Finally, Aetna applied for supervisory writ with this court. We granted the writ and found that the trial court erred in denying Aetna's motion for summary judgment. The case was then remanded to the trial court who dismissed Aetna and Baker from the suit. For some reason, State Farm now appeals this decision. State Farm apparently thinks that this court will feel differently now than we did on May 21, 1986, when we found that the trial court should have granted Aetna's motion for summary judgment. We do not, and affirm the trial court's grant of Aetna's motion for summary judgment.
The insurance policy held by Baker contained a written form rejecting uninsured motorist coverage. That form was dated four months prior to the accident and was signed by James H. Perry, Manager of Insurance for Baker International. State Farm contends that such a waiver on behalf of the corporation is invalid because there was no corporate resolution authorizing Mr. Perry to take such actions. State Farm relies on Arcemont v. Voisin, 468 So.2d 785 (La.App. 1st Cir.), writ denied, 474 So.2d 947 (La.1985), as support for this argument. They claim that Perry is not a "legal representative" of the corporation as contemplated by LSA-R.S. 22:1406(D)(1)(a).[3] This court has already considered this issue in Mouton v. Guillory, 494 So.2d 1374 (La.App. 3d Cir.1986). In that case, we discussed the Arcemont decision and found that it merely stands for the proposition that for a corporation to be bound by its officer's actions, those actions must have been authorized by the corporation. Mouton, supra at 1378. We went on in Mouton to state that the plaintiffs failed to present any evidence that questioned the authority of the corporate officer to sign the waiver of UM insurance. We relied on the officer's own affidavit in that case as support for his having such authority. We then granted plaintiff's motion for summary judgment finding that the corporate officer had the authority to execute such a waiver. Similarly in the *1291 case at hand, State Farm has presented nothing to cause us to question the authority of Mr. Perry to sign the waiver for Baker International. Mr. Perry testified in his deposition that he did have the authority to select whether or not the company would accept UM coverage. Also, Susan Alford, the assistant secretary of Baker International, stated in her affidavit that Perry had this authority and had had such authority since March of 1981. We further look to the case of Tapia v. Ham, 480 So.2d 855 (La.App. 2d Cir.1985), writ denied, 484 So.2d 138 (La.1986), which said:
"Plaintiffs argue that Ford's insurance manager did not have authority to reject UM coverage because a corporate resolution had not been passed. This argument is without merit. When a corporation is insured and wishes to reject UM coverage, an authorized agent may execute the rejection form."
Id. at 859. Therefore, we hold as we did in Mouton and as we did in this case on May 21, 1986, that an authorized agent may execute the rejection of UM coverage and a corporate resolution is not necessary to evidence such authority. Thus we affirm the granting of Aetna's motion for summary judgment and tax costs of this appeal to appellant.
AFFIRMED.
NOTES
[*] Hon. William A. Culpepper, Judge, Retired, participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.
[1] This suit was consolidated at trial with Audrey M. Delaune v. State Farm Mutual Auto Ins. Co., et al, La. Judicial Dist. # 16, docket # 56501. The suits remain consolidated on appeal; however, a separate judgment will be rendered this date entitled Audrey M. Delaune v. State Farm Auto Ins. Co., et al, 529 So.2d 1291 (La.App. 3d Cir.1987).
[2] State Farm is the uninsured/underinsured insurer of the plaintiffs' personal vehicle which was not involved in this accident. Based upon this coverage, they are also defendants in this suit.
[3] LSA-R.S. 22:1406(D)(1)(a) provides:

D. The following provisions shall govern the issuance of uninsured motorist coverage in this state.
(1)(a) No automobile liability insurance covering liability arising out of the ownership, maintenance, or use of any motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state unless coverage is provided therein or supplemental thereto, in not less than the limits of bodily injury liability provided by the policy, under provisions filed with and approved by the commissioner of insurance, for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured or underinsured motor vehicles because of bodily injury, sickness, or disease, including death, resulting therefrom; provided, however, that the coverage required under this Subsection shall not be applicable where any insured named in the policy shall reject in writing the coverage or selects lower limits. Such coverage need not be provided in or supplemental to a renewal or substitute policy where the named insured has rejected the coverage or selected lower limits in connection with a policy previously issued to him by the same insurer. Any document signed by the named insured or his legal representative which initially rejects such coverage or selects lower limits shall be conclusively presumed to become a part of the policy or contract when issued and delivered, irrespective of whether physically attached thereto.