STOKER, Judge.
Plaintiffs have appealed the granting of a summary judgment in favor of defendant, National Fire and Marine Insurance Company (National Fire & Marine). Plaintiff, Walter Meziere, was injured in an automobile accident while in the course and scope of his employment as a police officer for the City of Natchitoches (City). Plaintiffs alleged in a supplemental and amending petition that National Fire & Marine, as automobile liability insurer for the City, provided uninsured motorist coverage for the damages due to plaintiffs. National Fire & Marine answered plaintiffs’ petition denying uninsured motorist coverage based upon a written rejection of uninsured motorist coverage signed by Charles Powell, Finance Director for the City. Thereafter, National Fire & Marine filed a motion for summary judgment, attaching thereto a certified copy of the policy of automobile liability insurance issued by it to the City and the affidavit of Charles Powell attesting to the rejection of uninsured motorist coverage. Plaintiffs, in response to the motion, filed only a memorandum in opposition to the motion. In the memorandum plaintiffs allege that there is no proof that Charles Powell was authorized by statute, ordinance or minutes of the governing body of the City to reject uninsured motorist coverage on behalf of the City. The trial court granted National Fire & Marine’s motion and this appeal followed.
SUMMARY JUDGMENT
A summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits, show that there is no genuine issue of material fact and that mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966. When a motion for summary judgment has been made and supported by affidavits, the adverse party may not rest on the mere allegations or denials of, his pleadings, but must set forth specific facts showing that there is a genuine issue for trial. LSA-C. C.P. art. 967.
The record for consideration before the trial court contained the pleadings of the parties, answers to interrogatories, a certified copy of the National Fire & Marine policy, a copy of the signed, written rejection of uninsured motorist coverage and the affidavit of Charles Powell. Based upon this record, the trial court found that there had been no showing of a genuine issue of material fact regarding Charles Powell’s authority to reject uninsured motorist coverage for the City and that National Fire & Marine was entitled to summary judgment as a matter of law.
Plaintiffs assert on appeal, as they did in the proceedings below, that there is no proof that Charles Powell had the authority to reject uninsured motorist coverage on behalf of the City, therefore the rejection is invalid.
*108 This court in Duplechain v. Houston Fire & Casualty Insurance Company, 155 So.2d 459, 464 (La.App. 3d Cir.1963), stated that:
“[T]he burden of proof rests upon the party seeking a summary judgment to show that there is no genuine issue as to any of the material facts on which the motion is based. If he does produce convincing proof to establish that, then the burden shifts to the opposing party to show by receivable evidence that a genuine issue of a material fact does exist. He is not required to establish that the facts are different from those alleged by the movant, but he is required to show that there is a real, not formal, controversy as to a material fact. The mere allegation by the opposing party, or a statement by his counsel in argument, that a material fact is different from that proved at the trial ordinarily will not be sufficient to defeat the motion for summary judgment. If the movant at the trial produces convincing proof of the facts upon which the motion is based, and no counter affidavits or other receivable evidence are offered by the opposing party to contradict that proof, then we think a conclusion may be justified that there is no genuine issue as to the facts so proved, even though allegations to the contrary might be contained in the pleadings.”
Plaintiffs produced no counter-affidavits or other supporting evidence in opposition to the motion for summary judgment. The mere allegation of a fact as opposed to proof to the contrary will not ordinarily be sufficient to show that a genuine issue of material fact exists. Duplechain, supra.
In Mouton v. Guillory, 494 So.2d 1374 (La.App. 3d Cir.1986), the plaintiff made a similar argument of lack of authority to reject uninsured motorist coverage on behalf of a corporation which the court declined to accept. In affirming the granting of a summary judgment in favor of the defendant-insurer, this court noted that the plaintiff did not oppose the defendant’s motion or present any evidence that would create a question of fact as to the authority of the corporate agent to reject uninsured motorist coverage. The court relied on the affidavit of the corporate agent in rejecting plaintiff’s argument, finding that it was not for the court to presume there was a lack of authority based on facts alleged by plaintiff which were not in evidence. The same issue was similarly decided in Delaune v. State Farm Mutual Automobile Insurance Co., 529 So.2d 1289 (La.App. 3d Cir.1988).
We conclude, as did the trial court, that no genuine issue of material fact was established by plaintiffs concerning the authority of Charles Powell to reject uninsured motorist coverage on behalf of the City and that National Fire & Marine is entitled to judgment as a matter of law. Accordingly, we find that there was no uninsured motorist coverage in effect at the time of plaintiff’s accident.
The judgment appealed from is affirmed. Costs of this appeal are assessed to plaintiffs-appellants.
AFFIRMED.