573 So.2d 499 (1990)
Jill GAAR
v.
Randall SOWARDS, Sentry Indemnity Company and United Services Automobile Association.
No. CA 89 0541.
Court of Appeal of Louisiana, First Circuit.
August 31, 1990.
Joseph F. Gaar, Jr., Lafayette, Aaron Frank McGee, Eunice, Alex D. Chapman, Jr., Ville Platte, for plaintiff-appellant.
Iddo Pittman, Jr., Hammond, for defendant-appellee, United Services Auto. Ass'n.
Ann Metrailer, Baton Rouge, for Randall Sowards and Sentry Indem. Co.
David Forrester, Hammond, for Buford-Smith and Assoc., Inc.
Frank Gremillion, Baton Rouge, for John R. Pierce.
Roy Maughan, Paul Provenza, Jr., Baton Rouge, for defendant.
Before LOTTINGER, EDWARDS, CRAIN, ALFORD and LeBLANC, JJ.
*500 CRAIN, Judge.
This is an appeal of a trial court judgment finding uninsured motorist coverage in an amount less than the liability limits based on a prior written request for a reduction in uninsured motorist coverage.

FACTS
On September 20, 1985, Jill Gaar was injured as a result of an automobile accident in Hammond, Louisiana. Randall Sowards was the driver of the vehicle which struck the plaintiff's vehicle. The plaintiff was driving a car owned by the father, J. Frazier Gaar. Randall Sowards was driving a truck owned by John R. Pierce, which was uninsured at the time of the accident. J. Frazier Gaar maintained liability and uninsured motorist coverage through United Service Automobile Association (USAA). In 1977, he signed a selection of UM benefits lower than the limits of his liability coverage. In 1978 he requested an increase in the deductible amounts of his collision and comprehensive coverage. On March 1, 1980, he increased the limits of his liability coverage from 100,000/300,000 to 300,000/500,000, which was in effect at the time of the accident. He did not sign another document representing a selection of lower UM limits nor was there any evidence that he was given the opportunity to sign such a document.
A bifurcated trial was held separating the issues of liability and damages from the issue of the amount of UM coverage.
The trial judge held that the UM coverage available was the amount selected in 1977 ($10,000).
The sole issue for review is whether an increase in the amount of liability coverage would have the effect of a new policy and require that the insurer obtain a new signed selection of lower limits or rejection of UM coverage.

ANALYSIS
La.R.S. 22:1406(D)(1)(a)(i) states in pertinent part:
No automobile liability insurance covering liability arising out of the ownership, maintenance, or use of any motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state unless coverage is provided therein or supplied thereto, in not less than the limits of bodily injury liability provided by the policy, ... provided, however, that the coverage under this Subsection shall not be applicable where any insured named in the policy shall reject in writing the coverage or select lower limits. Such coverage need not be provided in or supplemental to a renewal or substitute policy where the named insured has rejected the coverage or selected lower limits in connection with a policy previously issued to him by the same insurer.
A previously executed election of UM coverage cannot be carried over to new contracts because the insured has not signed additional selection forms applicable to the new policies. Sentilles v. State Farm Mutual Automobile Insurance Co., 443 So.2d 723 (La.App. 4th Cir.1983).
Other courts reviewing the same issue have held that an increase in liability coverage has the effect of a new policy and if a separate UM election is not executed at that time, the UM coverage increases in an amount equal to the face limits of liability. Guilbeau v. Shelter Mutual Insurance Co., 549 So.2d 1250 (La.App. 3rd Cir.1989); Gilbert v. Waddell, 501 So.2d 330 (La.App. 4th Cir.1987).
As stated by the court in Guilbeau:
[W]hen the bodily injury limits of a policy are increased, the insurer is agreeing to provide and the insured is agreeing to purchase additional bodily injury coverage not previously provided. If the original selection of lower limits of uninsured motorist coverage is presumed to remain in effect when the bodily injury limits of the policy are increased, this would result in a situation where an insured is found to reject additional coverage before the opportunity exists to accept such additional coverage. We do not believe this was the intent of the *501 legislature when it enacted La.R.S. 22:1406(D)(1)(a). 549 So.2d at 1255.
The trial court erred when it relied on Mouton v. Guillory, 494 So.2d 1374 as controlling in this case. Mouton is factually distinguishable from the present case. Mouton involved a rejection of UM coverage, not a selection of lower limits. The policy had been amended from its original form but there was no evidence of a change in coverage. The accident occurred within two years from the date of rejection of UM coverage, whereas in the present case the accident occurred eight years after a selection of lower limits with subsequent changes in the amounts of coverage. But most importantly, Mouton involved a renewal of an existing policy, whereas, we now determine that increasing the limits of liability coverage is a new policy and therefore does not fall within the provision of La.R.S. 22:1406 regarding renewal, reinstatement or substitute policies.
We find that the selection of higher limits of liability coverage by J. Frazier Gaar was a new policy and, without rejection or selection of lower limits of UM coverage, La.R.S. 22:1406(D)(1)(a)(i) mandates UM coverage in an amount equal to the liability coverage, which in this case would be $300,000.
The decision of the trial court is reversed and this matter remanded for additional proceedings with respect to liability and damages. All costs of this appeal are assessed against the appellee.
REVERSED AND REMANDED.
EDWARDS, J., concurs.
LeBLANC, J., dissents and will assign reasons.
LeBLANC, Judge, dissenting.
I disagree with the conclusion of the majority that the subsequent selection of higher liability limits converted appellant's existing policy into a new policy. To the contrary, I believe this change merely modified the existing policy, which was then renewed semi-annually for five years by appellant. Under La.R.S. 22:1406(D)(1)(a) (i), an insurer who issues a renewal or substitute policy, although it may constitute a separate contract between the parties, need not present the insured with the option of rejecting or selecting lower limits of UM coverage. Mouton v. Guillory, 494 So.2d 1374 (La.App. 3d Cir.1986). Accordingly, appellant's initial valid selection of lower UM coverage remained in effect at the time of the accident in question. For these reasons, I respectfully dissent.