YELVERTON, Judge.
The issue presented by this appeal is when a renewal policy of insurance became effective.
Arthur Smith had a policy of automobile liability insurance issued by Safeway Insurance Company. He paid monthly premiums. Smith had had insurance with Safeway about three years. Each month, Safeway sent him a renewal premium notice.
Smith received a renewal premium notice indicating an expiration date of July 17, 1990. On that day he was involved in an accident around 1:30 p.m. At 4:45 p.m. that day, after the accident, he paid the agent the premium for that month.
The people in the other ear sited Smith and Safeway for damages from the acci-. dent. Safeway’s defense was that the policy lapsed at 12:01 a.m. on July 17, and that between 12:01 a.m. and 4:45 p.m., when Smith paid his premium, there was no coverage. Safeway in effect contends that what happened at 4:45 p.m. on July 17 was not a renewal but a reinstatement of the policy.
The trial judge found coverage. He concluded that Smith had relied to his detriment on a renewal premium notice with an expiration date which did not state at what time the policy expired on that day. He also found that this notice created an ambiguity in the documents. Safeway appealed. We affirm for different reasons.
The policy contains a condition that “Each policy period shall begin and end at 12:01 a.m. standard time at the address of the named insured.” This means that the policy would end on July 17, 1990, at 12:01 a.m. However, the same paragraph in the policy also states that “This policy may be renewed for successive policy period by payment of the required premium to the company on or before the effective date of such successive policy period.” The effective date of the next policy period was July 17, 1990. Therefore, by the policy’s own terms, the insured could renew the policy by paying the required premium on July 17, 1990.
We pointed out in Bryant v. Viking Ins. Co. of Wisconsin, 579 So.2d 1241 (La.App. 3d Cir. 1991), that a renewal is different from a reinstatement. We observed that a renewal contemplates uninterrupted coverage. Smith paid the premium for renewal on July 17, 1990. Therefore, under the terms of the policy, the policy was renewed and there was never any lapse in coverage. For these reasons the trial judge was correct in finding that there was coverage under the policy of insurance issued by Safeway for the accident which occurred on July 17, 1990.
The judgment of the trial court is affirmed and costs of this appeal are assessed to defendant-appellant, Safeway Insurance Company.
AFFIRMED.