655 So.2d 387 (1995)
Josephine S. LOVOI
v.
Charles M. LADREYT, Liberty Mutual Insurance Company, Allstate Insurance Company, and State Farm Insurance Company.
No. 94-CA-1002.
Court of Appeal of Louisiana, Fifth Circuit.
April 12, 1995.
Writ Denied June 23, 1995.
The Cadwallader Firm, Brian Cadwallader, New Orleans, for plaintiff-appellant Josephine S. Lovoi.
Duplass, Witman, Zwain & Williams, Andrew D. Weinstock, Joseph Morton, Metairie, for defendant-appellee Allstate Ins. Co.
Before KLIEBERT, GRISBAUM and DUFRESNE, JJ.
KLIEBERT, Chief Judge.
Summary judgment was granted in favor of Allstate Insurance Company and against plaintiff, Josephine S. Lovoi, finding that the insureds, the Lyns, had effectively waived uninsured/underinsured (UM) coverage. The facts in this case are not in dispute. On December 5, 1992, plaintiff was a guest passenger in Janice Lyn's automobile. Alleging injury, Lovoi sued 1) the colliding driver and his insurer, 2) Allstate in its two capacities as the liability insurer and UM carrier of Lyn, and 3) Lovoi's personal UM carrier, State *388 Farm Insurance Company. Prior to the hearing on the cross-motions for summary judgment, plaintiff settled all causes except against Allstate for UM coverage under the Lyn policy.
At issue is whether the Lyn policy in effect at the time of the accident is a renewal of an earlier policy containing a valid waiver of UM coverage. Appellant argues that the policy cannot be a renewal, because the legislature amended the statutes comprising the Insurance Code during the period between the valid rejection and the collision, and also because Allstate amended an endorsement to the policy (the AU1718 endorsement). Appellee contends that because no changes occurred in the policy regarding the insureds, the insured vehicle, or coverage limits, the policy meets the legal requirements of a renewal and the earlier rejection remains effective.
Since the facts are undisputed, the issue is purely legal. After considering applicable statutes and jurisprudence, we affirm the trial court's judgment.
LSA-R.S. 22:636.1A(5) defines a renewal policy as:
(5) "Renewal" or "to renew" means the issuance and delivery by an insurer of a policy replacing at the end of the policy period a policy previously issued and delivered by the same insurer, or the issuance and delivery of a certificate or notice extending the term of a policy beyond its policy period or term....
The general rule regarding rejection of UM coverage is that the initial rejection of UM coverage by an insured is good for renewal, reinstatement, or substitute policies. See Bryant v. Viking Ins. Co. of Wisconsin, 579 So.2d 1241 (La.App. 3rd Cir.1991); LSA-R.S. 22:1406(D).[1] The parties agree that the policy in question was not a reinstatement or substitute policy; therefore, we do not discuss the law applicable to those situations.
Jurisprudence has defined instances of policy changes which materially remove the policy from the ambit of renewal. A renewal necessarily contemplates continuous coverage, and does not occur when coverage lapses, even when no changes are made regarding the insured, the vehicle, and liability coverage limits. Bryant v. Viking, supra.
A renewal does not occur when the insured selects new liability coverage limits. Gaar v. Sowards, 573 So.2d 499 (La.App. 1st Cir.1990); Guilbeau v. Shelter Mutual Ins. Co., 549 So.2d 1250 (La.App. 3rd Cir. 1989).
Addition of another insured and new insured's vehicle could not be made to an automobile policy and still have the policy be considered a renewal policy. Donaghey v. Cumis Ins. Soc., 600 So.2d 829 (La.App. 3rd Cir.1992); Tully v. Liberty Mutual Fire Ins. Co., 516 So.2d 435 (La.App. 1st Cir.1987).
An endorsement, changing the policy from a non-ownership policy to an ownership liability policy after insured purchased a vehicle, was found to materially change the risks insured by the contract, and is thus not a renewal policy. Troha v. State Farm Ins. Co., 606 So.2d 89 (La.App. 3rd Cir.1992).
In the instant case, the Lyn policy went into effect on December 26, 1990. At *389 that time, and through the time of the accident, the insureds were the same (Mr. Lyn and his wife), the vehicle was the same (1990 Honda, VIN JHMCB765XLC117914), the liability limits were the same (10/20/10), and the Lyns rejected UM coverage. The validity of this initial UM rejection is not disputed. The policy "renewed" every six months (on June 26, 1991; December 26, 1991; June 26, 1992). All policies had the same policy number. It is Allstate's position that each policy involved was a renewal policy with identical risks and limits, i.e., no new vehicles, no new insureds, and no changes in policy limits, thus requiring no additional UM waivers.
Appellant, on the other hand, contends that the legislature's amendment of statutes in the Insurance Code, and changes to a policy endorsement issued by Allstate at every renewal (the AV1718 endorsement) caused material changes in the contract, thus making the concept of renewal impossible, and requiring a new UM waiver. Specifically, he points to thirteen different legislative acts that changed insurance law, and thus the policy in question.
 1991 First Extraordinary Session
 (effective June 7, 1991)
 1991 1st Ex 4 Compulsory Liability
 Security; Military
 Service Relief Act;
 Reservists, Fee
 Waiver
 1991 Regular Session
 (effective Sept. 6, 1991)
 1991 Acts 796 Commercial; Cancellation,
 Premium
 Nonpayment; Notice
 1991 Acts 608 Commercial; Cancellation,
 Premium
 Nonpayment; Notice
 1991 Acts 980 Companies; Accident,
 Determination of
 Fault, Appeal to
 DPS & C
 1991 Acts 981 Compulsory Liability
 Security; Binder
 /Broker/Cancellation
 /Non-Compliance;
 License Suspension
 1991 Acts 759 Compulsory Liability
 Security; Master
 Plumber
 1991 Acts 608 Goods/Services, Seller
 of; Deductible
 Credit Offer, Prohibition
 1991 Acts 807 Medical Payment
 Coverage; Certain
 Time Limits, Preclusion
 1991 Act 1046 Replacement Glass,
 Seller; Deductible
 Credit, Prohibition
 1991 Acts 626 Uninsured Motorist
 Coverage; "Insurer",
 Self-Insurance
 Certificate Possession
 1991 Acts 806 Uninsured Motorist
 Coverage; Bodily
 Injury/Liability
 Proof/Uninsured
 Status
 1991 Act 1046 Vehicle Repair, Required
 Shops, Prohibition
 1991 Act 1020 Violation; Notice by
 Certified or Registered
 Mail
While appellant's argument is artful and thoroughly presented, we do not believe the legislature intended such a scheme, requiring a new rejection of UM coverage every time the Insurance Code is amended, nor when endorsements are issued by the company that do not change the insureds, vehicle, risks, or liability coverage limits. Mouton v. Guillory, 494 So.2d 1374 (La.App. 3rd Cir. 1986). The jurisprudential trend requires a new waiver when the insured has requested a change in either the insured person, vehicle, risks, or coverage limits. None has occurred in this case. While we recognize the strong public policy favoring the finding UM coverage, and the requirement that we liberally construe the statutes in favor of recovery, interpreting the law as appellant asks would effectively make it so no policy could ever be termed a renewal. We do not believe the legislature intended such a scenario, and we thus reject this argument.
*390 Accordingly, the trial court's judgment is affirmed. All costs of this appeal are taxed to appellant.
AFFIRMED.
NOTES
[1] LSA-R.S. 22:1406(D)(1)(a)(i) provides:

No automobile liability insurance ... shall be delivered or issued for delivery in this state ... unless coverage is provided therein or supplemental thereto, in not less than the limits of bodily injury liability provided by the policy... for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured or underinsured motor vehicles because of bodily injury, sickness, or disease, including death, resulting therefrom; provided, however, that the coverage required under this Subsection shall not be applicable where any insured named in the policy shall reject in writing, as provided herein, the coverage or selects lower limits. Such coverage need not be provided in or supplemental to a renewal, reinstatement, or substitute policy where the named insured has rejected the coverage or selected lower limits in connection with a policy previously issued to him by the same insurer or any of its affiliates.