733 So.2d 7 (1998)
Nadine PERRON, Plaintiff-Appellant,
v.
RELIANCE INSURANCE COMPANY and State Farm Mutual Automobile Insurance Company, Defendant-Appellee.
No. 98-696.
Court of Appeal of Louisiana, Third Circuit.
December 9, 1998.
Rehearing Denied January 13, 1999.
Reuvan Nathan Rougeau, for Nadine Perron.
Mickey Stephens deLaup and Ted P. Sorrels, for Reliance Ins. Co.
John E.W. Baay, II, for State Farm Mutual Automobile Ins.
Before DOUCET, C.J., and YELVERTON and AMY, Judges.
AMY, Judge.
On the morning of May 30, 1995, while stopped in traffic, Ms. Nadine Perron was struck from behind in a rear-end collision. At the time of the accident, she was driving an automobile owned by her employer, General Health Systems a/k/a Louisiana Reference Laboratory, and was acting within the course and scope of her employment. On May 29, 1996, Ms. Perron filed suit against both her own uninsured/underinsured motorist carrier (UM), State Farm Mutual Automobile Insurance Company, and her employer's UM carrier, Reliance Insurance Company (Reliance). It is Ms. Perron's claim against Reliance which serves as the focus of this appeal.
In addition to insuring General Health Systems (GHS) against liability claims, Reliance's Commercial Auto Policy also provides UM coverage to GHS. Throughout the course of these proceedings, however, Reliance, has contended that UM coverage is no longer provided to GHS employees pursuant to Endorsement # 3, which endorsement is reproduced below:
*8 
Pursuant to this contention, Reliance has filed two motions for summary judgment, each motion urging that there is no genuine issue of material fact regarding Ms. Perron's lack of entitlement to UM benefits and praying for the dismissal of Ms. Perron's suit with prejudice. Although the first such motion was denied, the signed judgment granting Reliance's second motion for summary judgment was filed with the Calcasieu Parish Clerk of Court's office on January 8, 1998. At the *9 December 16, 1997 hearing on the second motion for summary judgment, Judge Wilford Carter ruled as follows regarding the endorsement deleting UM coverage for GHS employees:
I don't like to do this but, in view of all of the evidence in this matter, this affidavit[1] has been made part of the motion for summary judgement [sic]. It appears that the General Health Systems is aware of the change and benefitted from it, initiated the change. The court is going to grant a motion for summary judgment as prayed for.
It is from this judgment[2] that Ms. Perron now appeals, urging, among other contentions, that GHS's representative, Steven R. Winkler, lacked both actual and apparent authority to sign the endorsement deleting UM coverage for GHS employees, and, moreover, that the endorsement is invalid, as it was neither dated nor signed by any person. Reliance, however, contends that the affidavits it submitted establish "that General Health not only negotiated for the endorsement but also knew of the effects of the endorsement." Additionally, in its brief before this court, Reliance urges that "[t]his case does not involve a UM rejection or the troublesome UM rejection forms," but, rather, "involves an endorsement to an existing policy." Similarly, Ms. Perron also states, in her brief to this court, as follows:
A DISTINCTION MUST BE MADE BETWEEN REJECTION OF UM COVERAGE AND A UM POLICY ENDORSEMENT EXCLUDING COVERAGE FOR A VEHICLE DRIVEN BY THE INSURED'S EMPLOYEE[.]

Discussion
As an appeal from the trial court's granting of Reliance's motion for summary judgment, the appeal is subject to the de novo standard of review. See Schroeder v. Board of Supervisors of Louisiana State Univ., 591 So.2d 342 (La.1991). Regarding summary judgment, La.Code Civ.P. art. 966(B) provides, in pertinent part:
The [summary] judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.

(Emphasis added).
Pursuant to the de novo standard of review, we must evaluate Reliance's entitlement to summary judgment under the same criteria employed by the trial court. See Schroeder at 345; See also Soileau v. D & J Tire, Inc., 97-318 (La.App. 3 Cir. 10/8/97); 702 So.2d 818, writ denied, 97-2737 (La.1/16/98); 706 So.2d 979. To affirm the trial court's grant of summary judgment: (1) there must be no genuine issue of material fact, and (2) Reliance must be entitled to judgment as a matter of law. Material facts are those which have a determinative impact on the outcome of a legal dispute. Soileau, 97-318; 706 So.2d 818.
In this appeal, neither party disputes the fact that, at the time of the collision, Ms. Perron was operating a vehicle owned by GHS, which vehicle was a "covered auto" under Reliance's Commercial Auto Policy. Pursuant to that insurance policy, Ms. Perron thereby became an *10 "insured" for purposes of liability coverage. Thus, this case presents no genuine issue of material fact. Nevertheless, we conclude that Reliance was not entitled to judgment as a matter of law due to its lack of compliance with the requirements for UM rejection mandated by La.R.S. 22:1406(D)(1)(a).
Contrary to both parties contentions, we find that this case does involve the issue of UM rejection, and, although we generally limit our review to those issues first presented to the trial court and then contained in assignments of error, we find that the issue of entitlement to UM coverage is of such significance that the interest of justice clearly requires a thorough analysis. See Uniform Rules-Courts of Appeal, Rule 1-3; See also Guilbeaux v. Times of Acadiana, Inc., 94-1270 (La.App. 3 Cir. 8/9/95); 661 So.2d 1027, writ denied, 95-2942 (La.3/29/96); 670 So.2d 1238. Moreover, this court is authorized to "render any judgment which is just, legal, and proper upon the record on appeal," pursuant to La.Code Civ.P. art. 2164. See also Wheeler v. Kelley, 28,379 (La.App. 2 Cir. 11/7/95); 663 So.2d 559, writs denied, 95-2721 (La.11/9/95); 664 So.2d 404 and 95-2722 (La.11/9/95); 664 So.2d 405.
Louisiana's strong public policy regarding entitlement to UM coverage is embodied in La.R.S. 22:1406(D)[3], which provision states, in pertinent part:
(1)(a)(i) No automobile liability insurance covering liability arising out of the ownership, maintenance, or use of any motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle designed for use on public highways and required to be registered in this state or as provided in this Subsection unless coverage is provided therein or supplemental thereto, in not less than the limits of bodily injury liability provided by the policy... for the protection of persons insured thereunder who are legally entitled to recover nonpunitive damages from owners or operators of uninsured or underinsured motor vehicles because of bodily injury ...; however, the coverage required under this Subsection shall not be applicable where any insured named in the policy shall reject in writing, as provided herein, the coverage or selects lower limits ... Such coverage need not be provided in or supplemental to a renewal, reinstatement, or substitute policy where the named insured has rejected the coverage or selected lower limits in connection with a policy previously issued to him by the same insurer or any of its affiliates.
(1)(a)(ii) After September 1, 1987, such rejection or selection of lower limits shall be made only on a form designed by each insurer. The form shall be provided by the insurer and signed by the named insured or his legal representative.
It is Reliance's position that the UM endorsement deleting UM coverage for GHS employees effectively precludes Ms. Perron's entitlement to any UM recovery from the Reliance policy. In support of this proposition, Reliance cites to Landry v. Hamilton, 610 So.2d 214 (La.App. 3 Cir.1992), writs denied, 93-358 and 93-469 (La.3/26/93); 614 So.2d 1261, and urges that the Landry court "found that an endorsement excluding employees from coverage under the UM provisions of an insurance policy is valid, enforceable and not against public policy."
*11 We have reviewed Landry and find it to be distinguishable from the instant matter, as the policy in the Landry case did not provide liability coverage to the plaintiff. Accordingly, pursuant to La.R.S. 22:1406(D)(1)(a)(i), UM coverage was not mandated in that case. See also Chevalier v. Ream, 94-741, p. 4 (La.App. 3 Cir. 12/7/94); 649 So.2d 746, 748. (Emphasis added). ("[U]ninsured motorist coverage is deemed to exist in all automobile policies in an amount equal to the liability limit unless the insured expressly rejects the uninsured motorist coverage.") Conversely, as Ms. Perron was operating a vehicle owned by GHS at the time of the collision, pursuant to the declarations page, the Reliance policy does provide liability coverage to Ms. Perron, which liability coverage has not been excluded elsewhere in the policy.
"In the absence of an initial valid rejection, the renewal, reinstatement or substitute policy is mandated by statute to provide UM coverage, unless a valid UM rejection is executed in connection with the renewal, reinstatement or substitute policy." Wilkinson v. Louisiana Indemnity/Patterson Insurance, 96 0447, p. 10 (La.App. 1 Cir. 11/8/96); 682 So.2d 1296, 1302, writ denied, 96-2920 (La.6/13/97); 695 So.2d 964. In that case, the plaintiff had an existing automobile insurance policy, which policy provided UM coverage. However, a "change endorsement" attempted to delete UM coverage. The court found that this endorsement was a "substitute policy," stating that such policies have been interpreted as including those "situations where there is coverage and an agreement is made for different coverage." Wilkinson, 96 0447, p. 11; 682 at 1302 citing Bryant v. Viking Insurance Company of Wisconsin, 579 So.2d 1241, 1243 (La.App. 3 Cir.1991). The court further stated that, "in the absence of a prior valid rejection, this substitute policy was mandated by statute to provide UM coverage, unless a valid UM rejection was executed at that time." Id.
We find that Wilkinson provides some guidance in resolving the matter before us and that it constitutes persuasive authority. Accordingly, we, too, conclude that a UM rejection analysis must be conducted to determine whether Ms. Perron is entitled to UM coverage.
"A valid rejection must be expressly set forth in writing and signed by the insured or his authorized representative." Daigle v. Authement, 96-1662, p. 3 (La.4/8/97); 691 So.2d 1213, 1214 citing Tugwell v. State Farm Ins. Co., 609 So.2d 195 (La.1992). A review of the endorsement deleting UM coverage reveals that it was signed by neither the insured nor an authorized representative of the insured. Therefore, this endorsement, as a matter of law, is deficient as a rejection under Daigle. See also La.R.S. 22:1406(D)(1)(a).
Based upon the foregoing, Reliance is not entitled to "judgment as a matter of law," and the trial court's grant of summary judgment was, therefore, improper.

DECREE
For the foregoing reasons, the trial court's judgment granting Reliance's motion for summary judgment is hereby reversed. This matter is remanded to the trial court for further proceedings. All costs of this appeal are to be divided equally between the parties.
REVERSED AND REMANDED.
NOTES
[1] Steven R. Winkler, Vice-President of GHS, executed the affidavit, which affidavit indicates that GHS negotiated for the UM endorsement and that Mr. Winkler understood its effects. The affidavit additionally reveals that the deletion of UM coverage was effectuated, at least partially, because GHS employees are protected by worker's compensation insurance.
[2] We note that, although the partial judgment initially failed to comply with the requirements of La.Code Civ.P. art. 1915(B) in that it was neither designated as a final judgment by the court, nor specifically agreed to as such by the parties, this has been corrected, and this matter is now properly before this court on appeal.
[3] We note that La.R.S. 22:1406(D)(1)(a) has been amended by Acts 1997, No. 1476 to provide for the selection of economic-only coverage. Additionally, regarding UM coverage, the amendment requires that the "rejection, selection of lower limits, or selection of economic-only coverage ... be made only on a form prescribed by the commisioner of insurance." Such a form, when "properly completed and signed ..., creates a rebuttable presumption that the insured knowingly rejected coverage, selected a lower limit, or selected economic-only coverage." This amendment, however, is inapplicable to this appeal.