I,SULLIVAN, Judge.
Reliance Insurance Company appeals the trial court’s grant of summary judgment in favor Lee Carrier, plaintiff. For the following reasons, we affirm.

FACTS

On October 13, 1997, Lee Carrier was in an automobile accident caused by the negligence of Jonathan Forgason. Mr. Carrier was driving his 1997 Toyota truck in the course and scope of his employment with Hub Enterprises, Inc. when the accident occurred. The liability insurer for the vehicle driven by Mr. Forgason and Mr. Carrier’s underinsured motorist (UM) insurer tendered the limits of the policies | ¡Issued by them. Mr. Carrier filed suit against Hub’s insurer, Reliance Insurance Company, to recover UM benefits under the policy that it issued to Hub.
Mr. Carrier then filed a motion for summary judgment contending that the Reliance policy provided UM coverage for his extensive injuries. The motion was granted, and Reliance moved to have the judgment declared final to pursue the coverage issue on appeal.

*15
SUMMARY JUDGMENT

Summary judgment is now favored. It shall be used to “secure the just, speedy, and inexpensive determination” of all actions, except those excluded by La.Code Civ.P. art. 969. La.Code Civ.P. art. 966(A)(2). The trial court is required to render summary judgment “if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.” La.Code Civ.P. art 966(B). Appellate review of summary judgment is de novo, applying the same standard as the trial court. Therefore, we must conduct a de novo review of this matter.

DISCUSSION

Reliance appeals the trial court’s grant of summary judgment in favor of Mr. Carrier. The trial court found Mr. Carrier entitled to recover under the UM provision of the business automobile insurance policy that Reliance issued to Hub.
The Louisiana Supreme Court reviewed the statutory mandate for uninsured motorist coverage in the case of Daigle v. Authement, 96-1662, p. 2 (La.4/8/87); 691 So.2d 1213, 1214 and noted:
| .¡Uninsured motorist coverage is provided for by statute and embodies a strong public policy. Roger v. Estate of Moulton, 513 So.2d 1126 (La.1987); A.I.U. Insurance Company v. Roberts, 404 So.2d 948 (La.1981). The object of such coverage is to provide full recovery for automobile accident victims who suffer damages caused by a tortfeasor who is not covered by adequate liability insurance. Henson v. Safeco Insurance Companies, 585 So.2d 534 (La.1991). La.R.S. 22:1406 D(l)(a)(i) mandates that every automobile liability insurance policy issued or delivered in this state shall include coverage, in not less than the limits of bodily injury liability provided by the policy, for the protection of insureds who are legally entitled to recover from owners or operators of uninsured or underinsured motor vehicles. Statutory coverage will be read into a policy as if it were in the policy itself. Henson, 585 So.2d at 537. However, the statute also provides that the insured may reject in writing the statutorily mandated coverage or select lower limits.
We have held that the UM statute is to be liberally construed and that a rejection of the coverage provided by law must be clear and unmistakable. Roger, 513 So.2d at 1131.
In order for Mr. Carrier to recover under the UM provision of the Reliance policy, he must be an “insured.” Armand v. Rhodes, 96-15 (La.App. 3 Cir. 12/11/96); 685 So.2d 546, writ denied, 97-06 (La.3/21/97); 691 So.2d 81. Therefore, we must determine if he is an “insured” under the Reliance policy.
Judicial responsibility in interpreting insurance contracts is to determine the parties’ common intent. La.Civ.Code art. 2045; Louisiana Ins. Guar. Ass’n v. Interstate Fire & Cas. Co., 93-0911 (La.1/14/94), 630 So.2d 759. The interpretation of insurance policies was recently addressed in Gedward v. Sonnier, 98-1688, p. 6 (La.3/2/99); 728 So.2d 1265, 1269, where the court stated:
Each provision in an insurance policy must be interpreted in light of the other provisions so that each is given the meaning suggested by the contract as a whole. See La.Civ.Code art. 2050. An insurance contract must be construed as a whole, and one portion cannot be construed separately at the expense of disregarding another.
|4If the language in the insurance contract is clear and unambiguous, the court must enforce the contract as written. La. Civ.Code art. 2046; Smith v. Matthews, 611 So.2d 1377 (La.1993).
Mr. Carrier contends that he is an insured under the liability portion of the policy issued by Reliance to Hub and that *16 because there was no waiver of UM coverage by. Hub, UM coverage extends to him.
The policy defines “covered autos” for liability coverage as “Any Auto.” The policy defines “insured” as follows:
D. Insured means any person or organization qualifying as an insured in the Who Is An Insured provision of the applicable coverage. Except with respect to the Limit of Insurance, the coverage afforded applies separately to each insured who is seeking coverage or against whom a claim or suit is brought.
For liability purposes, “Who Is An Insured” is defined as follows:
a. You for any covered auto.
b. Anyone else while using with your permission a covered auto you own, hire or borrow except:
(1) The owner of a covered auto you hire or borrow from one of your employees or a member of his or her household.
(2) Someone using a covered auto while he or she is working in a business of selling, servicing, repairing or parking autos unless that business is yours.
(3) Anyone other than your employees, partners, a lessee or borrower or any of their employees, while moving property to or from a covered auto.
(4) A partner of yours for a covered auto owned by him or her or a member of his or her household.
Re. Anyone liable for the conduct of an insured described above but only to the extent of that liability. However, the owner or anyone else from whom you hire or borrow a covered auto is an insured only if that auto is a trailer connected to a covered auto you own.
Mr. Carrier cites Perron v. Reliance Insurance Co., 98-696 (La.App. 3 Cir. 12/9/98); 733 So.2d 7 as support for his contention that he is an insured under the Reliance policy. In Perron, the plaintiff/employee was operating a vehicle owned by her employer which was a “covered auto” under the Reliance policy. In Perron, we concluded that Ms. Perron was an “insured” for liability purposes. The policy language applicable in Perron is not contained in the decision. Therefore, we cannot make a comparison. However, one factual distinction is clear: Mr. Carrier was driving his own automobile, not an automobile owned by his employer. Even though the liability portion of the policy defines “covered auto” as “any auto,” Mr. Carrier is excepted from the definition of “insureds” by virtue of the fact that he was the owner of a “covered auto” borrowed by Hub from one of its employees. See Section (b)(1) above.
We interpreted this exact language in Ratcliff v. Theriot, 93-973 (La.App. 3 Cir. 3/2/94); 634 So.2d 1234, and determined that since the plaintiff was the owner of the vehicle and employee of the insured, he was not an “insured” under the liability provisions of the policy. Accordingly, UM coverage under La.R.S. 22:1406(D)(l)(a)(i) is not required. We concluded in Ratcliff that it was immaterial that the plaintifi/employee’s auto was a covered auto for liability purposes, since he was not an insured for liability purposes.
^Alternatively, Mr. Carrier argues that the UM portion of the policy affords him coverage. The Reliance policy includes an endorsement for UM coverage entitled “Louisiana Uninsured Motorists Coverage — Bodily Injury.” The Louisiana endorsement defines “insured” as follows:
B. WHO IS INSURED
1. You
2. If you are an individual, any family member.
3. Anyone else occupying a covered auto or a temporary substitute for a covered auto. The covered auto must be out of service because of its *17 breakdown, repair, servicing, loss or destruction.
4. Anyone for damages he or she is entitled to recover because of bodily injury sustained by another insured.
5. Anyone else occupying an auto you do not own and that is a covered auto under this coverage part for Liability Insurance and is licensed or principally garaged in Louisiana.
Mr. Carrier contends that he is insured under Section (B)(5) of this definition. He argues that, at the time of his accident, he occupied an auto not owned by Hub which was covered under the liability portion of the policy which defines “covered auto” as “any auto.” He relies upon the case of Bays v. Estate of Zeringue, 584 So.2d 715 (La.App. 5 Cir.1991). In Bays, the court interpreted the UM endorsement as “having expanded the definition of an insured under (B)(5),” noting that while the declarations page designated “specifically described autos” for purposes of UM coverage, the UM endorsement to the policy did not include such designation. Id. at 718. There was no waiver of UM coverage. In finding that the policy extended 17coverage to the injured employee, the court rejected the insurer’s argument that its interpretation of Section (B)(5) “leads to the absurdity that anyone in the world occupying any vehicle in the world would be provided with UM coverage under this policy.” Id. at 721.
In opposition, Reliance cites the case of Ratcliff, 634 So.2d 1234, in support of its claim that the trial court erred in granting summary judgment in favor of Mr. Carrier. The (B)(5) provision in Ratcliff was identical to the (B)(5) provision in the Reliance policy issued to Hub. This court rejected Ratcliffs argument that he was covered under the UM endorsement explaining:
[T]he endorsement, literally construed, purports to extend UM coverage to anyone while occupying any auto, as long as the auto is not owned by [Ratcliffs employer] and is principally licensed or garaged in Louisiana. Thus, conceivably, even the members of this court could claim UM coverage under the policy as literally construed. We can see that under certain selections for covered autos the B(5) provision of the endorsement would not lead to absurd consequences; however, because of the selection for covered autos (i.e. “any ‘auto’ ”) for liability purposes in this policy, the B(5) provision leads to absurd consequences.
[[Image here]]
In our opinion, the facts suggest that the parties did not intend to extend UM coverage to Ratcliff under the circumstances of this case. As set forth above, Ratcliff was excluded as a named insured under the liability coverage part, and therefore, statutory UM coverage was not required.
Id. at 1236.
We need not determine which, if either, of the above cited cases provide the answer to the issue presented herein because the Reliance policy includes another UM endorsement, which is entitled “Uninsured and Underinsured Motorists Exclu-. sion.” This UM endorsement was not at issue in either Bays or Ratcliff. It modifies insurance provided under the Business Auto Coverage Form. The exclusion | ¿provides: “[t]he following additional exclusion applies: this insurance does not apply to ‘bodily injury’ sustained by any employee of an ‘insured’. This exclusion does not apply to ‘bodily injury’ sustained by any employee while an occupant of a private passenger automobile.” The term “private passenger automobile” is not defined in the endorsement or in the definitions section of the policy. A pickup truck has been held to be a “private passenger automobile.” Employers Mut. Liab. Ins. Co. of Wisconsin v. Richards, 332 So.2d 588 (La.App. 4 Cir.1976).
This exclusion clearly evidences the intent of Hub to provide UM coverage to *18 its employees when they are in private passenger automobiles. This is understandable, since Hub’s employees were required to use their personal automobiles in their employment. In Ratcliff, we found the extension of UM to “anyone” in “any auto” led to absurd consequences; however, because of the UM employee exclusion, that is not the situation here. Additionally, while there is an indication on the declaration page that UM coverage applies only to “Specifically Described Autos,” there is no such requirement in the Louisiana UM endorsement, although there is such a requirement on another UM endorsement included in the policy. This omission of the “Specifically Described Autos” requirement on the Louisiana UM endorsement leads us to the conclusion that the parties did not intend for it to apply to the endorsement. This is logical when considered together with the “Uninsured and Underinsured Motorist Coverage.” We conclude that Mr. Carrier is an insured under the Louisiana UM endorsement of the Reliance policy.
For these reasons, we affirm judgment in favor of Mr. Carrier and against Reliance. All costs of this appeal are assessed against Reliance.
AFFIRMED.