614 So.2d 232 (1993)
Verma THIBODEAUX, et al., Plaintiffs-Appellees,
v.
CHAMPION INSURANCE COMPANY, et al., Defendants-Appellants.
No. 91-1419.
Court of Appeal of Louisiana, Third Circuit.
February 3, 1993.
Alfred O. Pavy, Opelousas, for plaintiff-appellee.
Jamison & Phillip, Christopher R. Phillip, Lafayette, for defendants/appellants.
Before LABORDE, THIBODEAUX and WOODARD, JJ.
WOODARD, Judge.
This is an appeal from a judgment for damages resulting from an automobile accident. The issue on appeal is whether a rejection of uninsured motorist (UM) coverage applies to a vehicle which is later added to the automobile insurance policy.

FACTS
On December 2, 1987, South Central Insurance Co. (South Central) issued a policy to John G. Brown which provided coverage for a 1982 Cadillac Sedan and a 1974 Ford pickup truck. At this time, John Brown executed a written rejection of UM coverage. On December 14, 1987, South Central issued an endorsement which provided coverage for an additional vehicle, a 1984 pickup truck.
On June 17, 1988, John Brown's sister, Vera Lefleur, was involved in an accident while driving the 1984 truck. The guest passengers in the truck were Verma Thibodeaux and Eddie Brown. Ms. Lefleur, Ms. *233 Thibodeaux and Mr. Brown all sued for damages.
The trial court found there was UM coverage for the truck under the South Central policy because John Brown did not execute a separate rejection of UM at the time it was added to the policy. Defendant, Louisiana Insurance Guaranty Association (LIGA), is involved in this lawsuit as a result of the insolvency of South Central.
LIGA appeals the trial court's determination that there is UM coverage on the 1984 truck and alleges that no separate rejection of UM coverage was required because the original rejection applied to the truck when it was added to the policy.

LAW
The issue we must address is whether a separate rejection of UM coverage is required when an insured adds an additional vehicle to an existing insurance policy.
This court has recently addressed this issue in Donaghey v. Cumis Insurance Society, 600 So.2d 829 (La.App. 3 Cir.1992). In Donaghey, the plaintiff added a third vehicle to his existing insurance policy and did not reject UM coverage or select lower limits after the third vehicle was added. Plaintiff's stepdaughter was involved in an automobile accident and the issue at trial was whether UM coverage was provided. We held that it was.
We stated that the addition of a car to an automobile policy amounts to an increase in that policy's coverage. In Gaar v. Sowards, 573 So.2d 499 (La.App. 1 Cir.1990), writ denied, 569 So.2d 990 (La.1990), the court held that an increase in coverage has the effect of a new policy, and that a previously executed rejection of UM coverage does not apply to new contracts. The insured needs to sign another selection form applicable to the new policy. See also, Troha v. State Farm Ins. Co., 606 So.2d 89 (La.App. 3 Cir.1992). Therefore, because the addition of a new vehicle increases the policy's coverage, a new contract exists and a separate rejection of UM coverage must be signed by the insured. Donaghey, supra.
LIGA argues that under the clear language of the UM clause in the insurance policy, the rejection of UM coverage applied to the 1984 truck when it was added to the policy. The rejection clause provides in pertinent part as follows:
By my signature below, I agree with the company that the coverage of Uninsured Motorists shall be deleted from the policy I am applying for; shall be deleted from any renewal of the policy; and shall be deleted from any other policy which extends, changes, supersedes or replaces the policy issued to me by the company, or with respect to any reinstatement of the policy within 30 days of any lapse thereof. My agreement to delete Uninsured Motorists Coverage from the policy shall be binding upon me and upon any other persons covered by the policy.
In Louisiana, UM coverage is provided for by statute, and under La.R.S. 22:1406D(1)(a)(i), the only exceptions to the requirement of a written rejection of UM coverage are where the policies are renewal or substitute policies and the insured rejected UM coverage in the policy previously issued to him by the same insurer. These exceptions are to be interpreted strictly. Roger v. Estate of Moulton, 513 So.2d 1126, 1130 (La.1987).
The rejection clause in the South Central policy attempts to delete UM coverage from any "policy which extends, changes, supersedes, or replaces the policy issued." This language creates exceptions which are not provided for in the statute. The Supreme Court stated in Carona v. State Farm Ins. Co., 458 So.2d 1275, 1278 (La. 1984), that "... any clause in a UM insurance contract in derogation of the mandatory requirements set forth in the statute is invalid insofar as it conflicts with the statute." (citations omitted). The clause in John Brown's policy derogates from the statute by attempting to broaden the exceptions to the requirement of a written waiver of UM coverage.
As a result, we find that the rejection clause must be interpreted in a manner that is in conformity with the statute. A written rejection of UM coverage is required *234 unless the policy is a renewal or substitute policy and the insured rejected UM on the initial policy. The addition of another vehicle to an existing policy is not a renewal or substitute policy. It has the effect of a new contract and a separate waiver of UM is required. Donaghey, supra. Because no separate rejection was executed here, the policy provided UM coverage for the 1984 truck.
For the foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed to defendant-appellant, LIGA.
AFFIRMED.