J^WALTER J. ROTHSCHILD, Judge.
Plaintiff, David Millet, Jr., appeals from a summary judgment rendered in favor of defendant Continental Insurance Company. For the reasons stated herein, we affirm.

Facts

David Millet, Jr. was injured in a vehicular collision on September 3, 2001 when a vehicle being operated by Lloyd Clabaugh struck Millet’s vehicle from the rear. Millet filed suit for damages against Clabaugh and his liability insurer, as well as against Continental Insurance Company as Millet’s uninsured/underinsured motorist carrier.[1] Plaintiff averred in this petition that Clabaugh was intoxicated at the time of the accident, and plaintiff sought punitive damages pursuant to La. C.C. article 2315.4. Additionally, plaintiff alleged that Clabaugh’s liability policy provided minimum limits of $10,000 and that he was an underinsured driver for the purpose of this claim. In an amended petition, plaintiff averred that the |,-¡Continental Insurance policy provided UM coverage to Millet with policy limits of $100,000.00.
Thereafter, Continental Insurance Company filed a motion for partial summary judgment seeking a declaration that the UM limit of the Continental policy in effect on September 3, 2001 was $10,000, rather than the $100,000 as alleged by plaintiff. In support of this motion, Continental attached a certified copy of the insurance policy issued to David Millet, Jr., including a UM selection form as well as the deposition of David Millet, Jr.
David Millet, Jr. also filed a motion for partial summary judgment in this matter seeking a declaration that the limits of Millet’s UM coverage with Continental Insurance Company is an amount not less that the bodily injury liability limits of $100,000.
By judgment rendered on February 12, 2004, the trial court granted the partial summary judgment filed by Continental Insurance Company and denied the motion *605 filed by plaintiff David Millet, Jr. In the same judgment, the trial court certified this ruling as a final and appealable partial judgment.
David Millet, Jr. now appeals from this ruling, arguing that the trial court erred as a matter of law in declaring that the UM limits under the Continental policy were $10,000.

The Insurance Policy

The Continental insurance policy in the name of David Millet, Jr. which was effective on the date of the accident is contained in the record. Policy Number U.S. 214514296 was issued on June 20, 2000 and provides policy limits for bodily injury liability coverage of $100,000 per person, $300,000 per accident ($100,000/$300,000). On the uninsured/underinsured motorist coverage form attached to the policy, it is indicated by David Millet’s initials and signature that UM coverage with |4lower limits than bodily injury liability coverage was selected. The amounts indicated on this form for UM coverage limits are $10,000 for each person and $20,000 for each accident ($10,000/$20,000).
In his deposition testimony which is contained in the record, Mr. Millet stated that when he initially applied for this insurance policy, he executed a UM selection of benefits form indicating lower limits because he wanted to reduce his premium when he added a third vehicle to the policy. Mr. Millet contends that following the initial selection, he deleted the third vehicle from his policy and that he did not sign another selection of benefits form at this time. Further, Mr. Millet substituted a new BMW for an older model after the issuance of the policy and his initial selection of UM benefits. Mr. Millet stated that his intention when he made these changes to the policy was to select UM coverage with the same limits as the bodily injury liability coverage, $100,000/$300,000. In his deposition, Mr. Millet also identified a copy of a Policy Change Request which he submitted after the accident on January 3, 2002 in an attempt to correct the UM limits on his policy to accurately reflect his intention to maintain UM limits at the same level as his bodily injury liability coverage.
Mr. Millet argues that since he made changes in his policy after the issuance of the policy and after he initially selected lower UM limits, a new policy was created. Mr. Millet argues that the deletion of the third vehicle and the substitution of a new vehicle materially changed the policy, and a new written UM selection form was therefore required. He contends that the initial UM limits selected by him are ambiguous, and cannot be considered as a valid rejection of UM limits in the amount of bodily injury liability coverage afforded by the policy.

\fJLaw and Discussion

The issue presented by this appeal is whether the deletion of a vehicle or the substitution of a new vehicle on an insurance policy operates to create a new policy requiring the execution of a new UM selection form.
Pursuant to La. R.S. 22:1406 D(l)(a)(i), redesignated as La. R.S. 22:680 by Acts 2003, No. 456, Section 3, UM coverage must be provided in an amount not less than the limit of bodily injury liability coverage, unless the insured rejects that coverage or selects lower limits. This statute also provides that the form signed by the insured which initially rejects coverage or selects lower limits shall remain valid for the life of the policy and shall not require the completion of a new selection form when a renewal, reinstatement, substitute, or amended policy is issued to the same named insured by the same insurer or any of its affiliates. An insured may change *606 the original uninsured motorist selection or rejection on a policy at any time during the life of the policy by submitting a new uninsured motorist selection form to the insurer. Any changes to an existing policy, regardless of whether these changes create new coverage, except changes in the limits of liability, do not create a new policy and do not require the completion of new uninsured motorist selection forms. La. R.S. 22:1406 D(l)(a)(i), now La. R.S. 22:680(l)(a)(ii).
In Dempsey v. Automotive Casualty Insurance, 95-2108 (La.App. 1 Cir. 6/28/96), 680 So.2d 675, the court restated the general rule regarding the rejection of UM coverage that an initial valid rejection or selection of lower limits by an insured is also valid for renewal, reinstatement, or substitute . policies. LSA-R.S. 22:1406D(l)(a)(i). By definition, the policy in the instant case qualifies neither as a renewal nor reinstatement policy. | See, Dempsey, supra, 680 So.2d at 679. The policy was renewed in June of 2001, several months before the accident herein, and coverage has been continuous since the policy was issued. We must next determine whether the policy changes made by Mr. Millet constitute a substitute policy or whether a new policy was created.
There is little jurisprudence concerning substitute policies. However, a majority of the courts of appeal have held that an increase in liability coverage has the effect of a new policy and; if a separate UM selection/rejection is not executed at that time, the UM coverage increases in an amount equal to the face limits of liability. Ruiz v. Lewis, 579 So.2d 1203, 1207 (La. App. 4 Cir.), writ denied, 586 So.2d 562 (La.1991); Gaar v. Sowards, 573 So.2d 499, 501 (La.App. 1st Cir.), writ denied, 569 So.2d 990 (La.1990); Guilbeau v. Shelter Mutual Insurance Co., 549 So.2d 1250, 1255 (La.App. 3rd Cir.1989). Further, increasing the number of insured vehicles under a policy or increasing the bodily injury liability limits of a policy, has been held to result in a new policy. See, Daigle v. Allstate Ins. Co., 690 So.2d 261, 262 (La.App. 4 Cir.1997), writ denied, 693 So.2d 738 (La.1997)(addition of car); Doyle v. Titan Indemnity Co., 629 So.2d 516, 520 (La.Ct.App. 5 Cir.l993)(addition of another insured and/or new vehicle); Thibodeaux v. Champion Ins. Co., 614 So.2d 232, 233-34 (La.App. 3 Cir.1993) (addition of car); Donaghey v. Cumis Ins. Society, 600 So.2d 829, 831 (La.App. 3 Cir.1992)(addition of car).
In Dempsey v. Automotive Casualty Insurance, supra, the court found that the addition of an additional insured to an existing policy, without any change in the bodily injury limits, increased the policy’s coverage, such that the policy was not a substitute, policy. As such, the court determined that 17the policy was a new one, requiring the execution of a separate selection/rejection of UM insurance.
However, in Lewis v. Lenard, 694 So.2d 574, 577 (La.App. 2 Cir.1997), the Louisiana Second Circuit Court of Appeal explained that a substitute policy clearly requires some change in a policy. The materiality of the change, however, determines whether the change results in a “new” policy requiring the execution of a UM waiver rather than a substitute policy which does not. Lewis, 694 So.2d at 577. Deleting one named insured and changing the remaining named insured’s name on the policy to her maiden name did not cause the issuance of a new policy. Id. at 578. In so concluding, the court explained that the remaining named insured, the vehicle covered, and the amount of bodily injury liability coverage remained constant. Id.
The jurisprudence further reveals that the substitution of one vehicle for another *607 constitutes a substitute policy. In Allen v. State Farm Mutual Automobile Insurance Company, 617 So.2d 1308, 1312 (La.App. 3rd Cir.1993), the court held that the substitution of one vehicle for another, regardless of the addition of comprehensive and collision coverage on the replacement vehicle, did not convert the existing policy into a new policy, but, rather constituted a substitute policy within the intendment of La. R.S. 22:1406D(l)(a)(i).
We are mindful that UM coverage in Louisiana is provided for by statute and embodies a strong public policy to promote full recovery for automobile accident victims who suffer damages caused by a tortfeasor who is not covered by adequate liability insurance. Exceptions to this statutory provision are to be interpreted strictly. Roger v. Estate of Moulton, 513 So.2d 1126, 1130 (La.1987). The insured must be allowed an opportunity [ato make an “informed and meaningful” selection of being covered by UM coverage or not. Tugwell v. State Farm Ins. Co., 609 So.2d 195,197 (La.1992).
However, on a motion for summary judgment, judgment must be rendered in favor of mover where there are no genuine issues of material fact. La. C.C.P. art. 966. Appellate courts review summary judgments de novo under the same criteria that govern the district court’s consideration of whether summary judgment is appropriate. Reynolds v. Select Properties, Ltd., 634 So.2d 1180 (La.1994).
In the present case, Louisiana jurisprudence clearly provides that Mr. Millet’s substitution of a new vehicle for an older model constituted a substitute policy and a new policy was not created by this change. Allen, supra. Mr. Millet did not add a new vehicle to his policy which resulted in an increase in liability coverage; rather, he substituted one vehicle for another and liability coverage remained constant. Further, the deletion of the third vehicle from the policy did not increase liability coverage, but rather had the opposite effect. Mr. Millet has been unable to point to any legal or jurisprudential support to bolster his position that a new policy is created by the deletion of a vehicle from a policy.[2] We fail to find an issue of fact as to whether this action created a material change to the policy so as to require the execution of a new UM selection form.
Thus, under the facts of this case, the initial UM selection form executed by the insured at the time the policy was issued remains in effect. There was no requirement for a new UM selection form to be executed as there was no increase in liability coverage.
| ^Accordingly, the lower limits of UM coverage in the amount of $10,000/$20,000 remain in effect for Mr. Millet’s policy. The trial court was therefore correct in granting partial summary judgment in favor of Continental Insurance Company on the issue of UM coverage limits. The judgment of the trial court is hereby affirmed. Plaintiff, David Millet, Jr. is to bear all costs of this appeal.

AFFIRMED.

. Plaintiff initially named another insurer as his UM carrier, but subsequently filed an amended petition to reflect the proper defendant, Continental Insurance Company.

. The case relied upon by plaintiff, Smith v. Foret, 98-1142 (La.App. 1 Cir. 5/14/99), 734 So.2d 922 is not applicable herein. In that case, the insured deleted two categories of "COVERED AUTOS" from coverage and the court specifically distinguished this case from the situation involving the standard addition, deletion, or substitution of one vehicle from a policy.